UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL J. FLYNN and LUCILLE
CASAGRANDE FLYNN,

    Plaintiffs,

v.                                      Case No:   6:16-mc-25-Orl-37TBS

SQUARE ONE DISTRIBUTION, INC.,

    Defendant.

## ORDER

This matter comes before the Court without oral argument on the Motion to Quash Non-Party Subpoena filed by non-party Larry J. Meddock, individually and as Chairman of the Board of the Water Sports Industry Association ("WSIA") (Doc. 1).   Plaintiffs have filed a response in opposition to the motion,[1] in which they ask the Court to find Meddock in contempt and compel his attendance at deposition (Doc. 2).   For the reasons that follow, the motion to quash is due to be **granted** and Plaintiffs' motions are due to be **denied**.

### Background

Plaintiffs bring this action against Defendant Square One Distribution, Inc., alleging that it was negligent and/or is strictly liable in tort due to the faulty design and inadequate warnings on its Radar Vapor Lithium slalom water ski, which Plaintiff Michael J. Flynn

---

[1] Plaintiffs' response to the motion to quash contains no legal authority in support of their arguments (Doc. 2 at 1-7).   This violates Local Rule 3.01(b), which requires each party opposing a motion to file a response "that includes a memorandum of legal authority in opposition to the request."   M.D. FLA. R. 3.01(b).   It also makes the Court's job harder than it should be.   Nevertheless, rather than impose sanctions and strike the response, the Court has considered the parties' arguments on the merits.

was using when he sustained serious and permanent injuries (Doc. 1-2).[2]  The water ski bore an industry standard warning label developed by the WSIA (Sullivan Depo., Doc. 1-4 at 100-101).  The WSIA is a non-profit voluntary association comprised of water sports dealers, watercraft manufacturers, equipment manufacturers, wakeboard and water ski schools, and other businesses associated with water sports (Doc. 1-2, ¶ 2).  Plaintiffs subpoenaed Meddock in his individual capacity and as Chairman of the Board of WSIA to testify concerning the process surrounding the creation of the warning label (Doc. 1 at 7-8; Meddock Aff't, Doc. 1-2, at ¶ 5; Doc. 2 at 2, ¶ 2).  On May 10, 2016, Meddock filed a motion to quash the subpoena (Doc. 1).  Plaintiffs filed a response to the motion, which includes a motion to compel Meddock's attendance at the deposition and a motion to hold him in contempt (Doc. 2).  Meddock has responded to these motions (Doc. 5) and the issues raised are ripe for decision.

## Discussion

A. <u>The Motion to Quash Was Timely Filed</u>

Federal Rule of Civil Procedure 45 directs the clerk of court to issue a subpoena for attendance, production, or inspection to any person designated by the requesting litigant.  Subsection 45(d)(3)(A) permits the court to modify or quash a subpoena on "timely motion."  What constitutes timeliness is not stated in the Rule but, a "motion to quash is generally considered timely if it is brought *before* the time indicated for compliance."  FED. R. CIV. P. 45, Rules and Commentary (emphasis added) (citing <u>City of St. Petersburg v. Total Containment, Inc.</u>, MISC Case No. 07-191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008); <u>Estate of Ungar v. Palestinian Auth.</u>, 451 F. Supp. 2d 607, 610

---

[2] Plaintiff Lucille Casagrande Flynn also brings a claim for loss of consortium (Doc. 1-2 at ¶¶ 43-46).

(S.D.N.Y. 2006); WM High Yield v. O'Hanlon, 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006)). It follows that a motion to quash is untimely if it is filed after the date compliance is required.  Cf. United States v. Sowell, Civil Action No. 3:13-cv-203-RJC-DCK, 2015 WL 4557346, at *3 (W.D.N.C. 2015); JAK Prods., Inc. v. Robert Bayer, Civil Action No. 2:15-cv-361, 2015 WL 2452986, at *8 (S.D. W. Va. May 22, 2015); Bell Inc. v. GE Lighting, LLC, No. 6:14-cv-12, 2014 WL 1630754, at *9-10 (W.D. Va. April 23, 2014).  Meddock's motion to quash was filed on May 10, and his deposition was scheduled to occur on May 11, 2016[3] (Doc. 1 at 1; Doc. 2 at 5).  Accordingly, the Court finds that the motion to quash was timely filed.

    B. Meddock Has Not Met His Burden To Invoke First Amendment Privilege

"The United States Constitution guarantees a right to associate to engage in activities which the First Amendment protects, including speech, assembly, petition for the redress of grievances and the exercise of religion."  In re Motor Fuel Temperature Sales Practices Litig., 707 F. Supp. 2d 1145, 1151 (D. Kan. Mar. 4, 2010) (citing Roberts v. U.S. Jaycees, 468 U.S. 609, 618 (1984)).  Meddock invokes the First Amendment privilege to protect himself from giving a deposition (Doc. 1 at 5-7).  He argues that the subpoena – which seeks internal communications of WSIA and communications between WSIA and its members – infringes on the group's right to freely associate (Id. at 6).  He asserts that,

> This type of intrusion into the internal affairs and workings of this voluntary non-profit association would have a chilling effect on their ability to advocate for their membership, which includes the development of safety programs aimed at improving the overall water ski safety of the general public. Knowing that their internal communications can be disclosed

---

[3] The deposition was originally set for May 2, 2016.  Plaintiffs agreed to reschedule it to accommodate Meddock's lawyer (Doc. 1-1 at 2; Doc. 2 at 5).

- 3 -

>in litigation in which they are not a party by advocates intent upon making their members liable in tort for personal injuries, the WSIA will cease from freely communicating ideas to improve towed water sports safety and water sports safety generally, thereby thwarting the safety advocacy aims of the organization to the detriment of public safety and the general welfare of society.

(Doc. 1 at 6).  In his affidavit in support of the motion to quash, Meddock states,

>If the confidential communications between our membership and with other water sports businesses were to be revealed in litigation in which neither they nor WSIA are a party, WSIA and its members will be less likely to freely communicate on issues of water sport safety and other related public interest matters.  If this is allowed to occur, it would hamper WSIA's ability to develop its programs and materials based on the collective experience and knowledge of its members and other industry organizations.

(Meddock Aff't, Doc. 1-2, ¶ 6).

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible."  Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) (2015) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ... "   Still, a party's entitlement to Rule 26 discovery may be limited by the assertion of a recognized privilege or protection.  See FED. R. CIV. P. 26(b)(5); Middle District Discovery (2015) at 20-21.

The Eleventh Circuit has not ruled on the assertion of the First Amendment privilege in this context, or on the invocation of the privilege to protect against the specter of future tort litigation (which may be the impetus behind Meddock's invocation of the privilege) (see Doc. 1 at 6).  It also appears from the Court's research that there is a dearth of case law on this topic in other jurisdictions.  Still, from the relevant case law that does exist, the Court draws the following conclusions.

Regardless of whether an association's beliefs are primarily political, economic, religious, or cultural, government action[4] that may have the effect of curtailing the members' freedom to associate is subject to the closest scrutiny.  See NAACP v. State of Alabama, 357 U.S. 449, 460-461 (1958).  An individual or trade group may invoke the First Amendment privilege in response to a Rule 26 discovery request when it can show – with an "objectively reasonable probability" – that "compelled disclosure will chill associational rights."  Alliance of Auto. Mfr., Inc. v. Julie L. Jones, Case No. 4:08-cv-555-MCR/CAS, 2013 U.S. Dist. LEXIS 132185, at *11-12 (N.D. Fla. Sept. 11, 2013); City of Greenville v. Syngenta Crop Prot., Nos. 11-mc-10; 11-mc-1031; and 11-mc-1032, 2011 U.S. Dist. LEXIS 124453, at *18-19 (C.D. Ill. Oct. 27, 2011).  The movant bears the burden of making this prima facie showing.  Alliance, 2013 U.S. Dist. LEXIS 132185, at *11-12; Greenville, 2011 U.S. Dist. LEXIS 124453, at *18-19.  The movant's burden to make a prima facie showing is "light," given "the crucial place speech and associational rights occupy under our constitution."  Christ Covenant Church v. Town of Sw. Ranches, Case No. 07-60516-CIV-IMITROULEAS/ROSENBAUM, 2008 U.S. Dist. LEXIS 49483, at *16-17 (S.D. Fla. June 29, 2008) (quoting Schiller v. City of New York, 04 Civ. 7922 (KMK) (JCF), 04 Civ. 7921 (KMK) (JCF), 05 Civ. 8453 (KMK) (JCF), 2006 U.S. Dist. LEXIS, at *5 (S.D.N.Y. Dec. 7, 2006)).  Still, to show an "objectively reasonable probability," a movant must go beyond conclusory statements and demonstrate through proofs "a basis for the assertions made."  Alliance, 2013 U.S. Dist. LEXIS 132185, at *14; Christ Covenant Church, 2008 U.S. Dist. LEXIS 49483, at *16-17; see also Middle

---

[4] "[T]he magistrate's order compelling discovery and the trial court's enforcement of that order provide the requisite governmental action that invokes First Amendment scrutiny."  Grandbouche v. Clancy, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing NAACP v. State of Alabama, 357 U.S. 449, 463 (1958)).

- 5 -

District Discovery (2015) at 22.  Once the movant makes a prima facie case, the burden shifts to the opposing party to "'demonstrate a compelling need for the requested information.'"  Alliance, 2013 U.S. Dist. LEXIS 132185, at *12 (quoting Christ Covenant Church, 2008 U.S. Dist. LEXIS 49483, at *16-17).

Affidavits from members, "specific evidence of past or present harassment of members due to their associational ties, or of harassment directed against the organization itself" are examples of acceptable proofs to establish an "objectively reasonable probability."  Buckley v. Valeo, 424 U.S. 1, 74 (1976) (superseded by statute); Middle District Discovery (2015) at 22 ("A party asserting a privilege or other protection against discovery normally has the obligation to establish, by affidavit of a competent witness or other evidence, all facts essential to the establishment of the privilege or protection."); see also Alliance, 2013 U.S. Dist. LEXIS 132185, at *14 (the association met its burden by offering affidavits of two members in support of its argument); Christ Covenant, 2008 U.S. Dist. LEXIS 49483, at *17 (the church met its burden by offering public statements made by its members as evidence).

The Court recognizes that a deposition of the sort Plaintiffs are seeking could chill activities that enjoy First Amendment protection.  But, it is still Meddock's burden, however "light," to show an "objectively reasonable probability," that his deposition testimony will chill the exercise of WSIA's members' rights.  Meddock's affidavit, which is the only evidence submitted in support of his motion, is not sufficient to satisfy his burden. Meddock can testify about how he will act in the future if the deposition is permitted. Beyond that, his opinion about what other members will and will not do is speculation and conjecture.  It is not based on historical facts, personal observations, personal experience, or first-hand knowledge.

The cases the Court has examined, in which a party has met its burden, involve more than a single piece of evidence.  In <u>Alliance</u>, the court had the benefit of two affidavits.  In <u>City of Greenville</u>, 2011 U.S. Dist. LEXIS 124453, at *19-20, the court relied upon at least 6 declarations from association staff and members.  In <u>Perry v. Schwarzenegger</u>, 591 F.3d 1147, 1163 (9th Cir. 2010), the court was provided with "declarations from several individuals attesting to the impact compelled disclosure would have on participation and formulation of strategy."  In <u>Christ Covenant</u>, 2008 U.S. Dist. LEXIS 49483, at *19-20, the party invoking the privilege relied upon "the concerns regarding forced disclosure of a religious organization's membership in general expressed by the courts," and "specific evidence of hostility against the Church by certain of the Church's neighbors."  In <u>AFL-CIO and DNC Serv. Corp. v. Fed. Election Comm'n</u>, 333 F.3d 168, 177 (D.C. Cir. 2003), the appellees filed multiple affidavits.  In <u>Dole v. Serv. Emp. Union, AFL-CIO, Local 280</u>, 950 F.2d 1456, (9th Cir. 1991), 1458-59, the labor union submitted two letters, three declarations, deposition testimony from two witnesses, and minutes in support of its First Amendment claim.  And in <u>United States v. Citizens Bank</u>, 612 F.2d 1091, 1094 (8th Cir. 1980), the "appellants submitted to the district court three declarations by USTU members, detailing the adverse effects of the summons on USTU's organizational and fundraising activities."

The Court does not find that there is any minimum number of pieces of evidence that must be submitted before a prima facie case of "objectively reasonable probability," is established.  But it does find that Meddock's affidavit, standing alone, is not sufficient and therefore, his First Amendment privilege argument fails.

### C. The Testimony Sought Is Not Sufficiently Relevant Or Proportional To Plaintiffs' Claims

Plaintiffs argue that they need Meddock's deposition because the "specifics regarding the development and creation of the warning label … is of vital importance" to their products liability case against Defendant (Id., at 6). Under Florida law, "[u]nless the danger is obvious or known, a manufacturer has a duty to warn where its product is inherently dangerous or has dangerous propensities." Scheman-Gonzalez v. Saber Mfg. Co., 816 So. 2d 1133, 1139 (Fla. 4th DCA 2002). "[T]o warn adequately, the product label must make apparent the potential harmful consequences. The warning should be of such intensity as to cause a reasonable man to exercise his own safety caution commensurate with the potential danger." Id. "A warning should contain some wording directed to the significant dangers arising from failure to use the product in the prescribed manner, such as the risk of serious injury or death." Id.

The parties have not cited any cases involving an attempt to discover how a warning label was developed or created. That may be because the issue in a products liability case like this one is whether the warning label in question sufficiently alerted the injured plaintiff to the potential consequences of using the defendant's product. In other words, it is the adequacy of the warning label, and not the manner in which it was created, that is an issue in the case. Consequently, it does not appear that Meddock's testimony is particularly relevant to this controversy.

Federal Rule of Civil Procedure 45(d)(3) lists the grounds upon which a court may quash or modify a subpoena. Although relevance is not listed, courts have found that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." Barrington v. Mortg. It, Inc., Case No, 07-61304-CIV-COHN/SELTZER, 2007

U.S. Dist. LEXIS 90555, at *8-9 (S.D. Fla. Dec. 10, 2007) (citing Chamberlain v. Farmington Sav. Bank, CIVIL, 3:06CV01437 (CFD), 2007 U.S. Dist. LEXIS 70376, at *3-4 (M.D. Fla. Sept. 25, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26.")); Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34)).

Under Rule 26, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th Cir. 1984) (If Court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

But to be discoverable, the requested information must also satisfy the proportionality requirement meaning it must be more than tangentially related to the issues that are actually at stake in the litigation.  See FED. R. CIV. P. 26(b)(1) (2015)[5]; In

---

[5] In determining proportionality, the Court must consider the following factors: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) whether the burden or expense of the proposed discovery outweigh its likely benefit.  FED. R. CIV. P. 26(b)(1).

<em>re: Blue Cross Blue Shield</em>, File No, 2:13-CV-20000-RDP, 2015 WL 9694792, at * (N.D. Ala. Dec. 9, 2015). The Court finds that the process that lead to the creation of the warning label on the ski Flynn was using when he was injured is not proportionally related to the issues at stake in the litigation, one of which is whether the warning – in its final version – was sufficient. Therefore, the testimony Plaintiffs seek from Meddock is not proportional to the needs of Plaintiffs' lawsuit against Defendant.

The findings which result in the granting of Meddock's motion also dictate the denial of Plaintiffs' motion to compel and motion for contempt.

## Conclusion

Upon consideration of the foregoing, it is **ORDERED** that,

(1) The motion to quash (Doc. 1) is **GRANTED**, and Plaintiffs' subpoena to Meddock in both his individual and representative capacities is **QUASHED**.

(2) Plaintiffs' Motion to Compel Larry Meddock's Attendance at Deposition (Doc. 2 at 8-12) is **DENIED**.

(3) Plaintiffs' Motion for Contempt (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 25, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record